1   Theo Deligiannis
2   Po Box 17161
3   Anaheim, Ca. 92817
    714 803-7430
4   tldeligiannis@gmail.com

5

6

7

8

9

10

Filing Stamp:

FILED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11  THEO DELIGIANNIS                    No: SACV10 - 1243 DOC (JC)

12

13         Plaintiff                    **COMPLAINT**
           vs.

14                                      42 USC § 1983

15  DEPUTY KIRSTEN WINTERSCHEID, in
    her individual capacity,            Jury Trial Requested
16  COUNTY OF ORANGE

17                                      District Judge:
           Defendants
18                                      Magistrate Judge:

19

20                              **COMPLAINT**

21  Plaintiff presents federal claims for relief under 42 USC § 1983, and supplemental state

22  law claims, seeking relief for warrantless and unreasonable seizure and impoundment of

23  his vehicle pursuant to the authority of California Vehicle Code section 14602.6, and by

24  this verified complaint states that:

25

26

27

28

COMPLAINT                        -1-

**JURISDICTIONAL ALLEGATIONS**

**Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to:

    a.    42 USC § 1983 and 28 USC §§ 1331, 1343; and

    b.    Supplemental Jurisdiction pursuant to 28 USC § 1367(a).

2. Venue is proper in the Court because:

    a.    all the parties live in this district, and

    b.    all the defendants have their place of business in this district, and

    c.    the operative events that caused injury to plaintiff happened in this district.

**The Parties**

3. Plaintiff Theo Deligiannis is a United States Citizen residing in California.

4. Defendant County of Orange is a political subdivision of the State of California suable as a person under 42 USC 1983.

5. Defendant Kirsten Winterscheid is a person sued in her individual capacity.

**FACTUAL ALLEGATIONS**

I.    **Facts**

6. On Saturday, August 16, 2008, at approximately 9:45 pm, plaintiff was standing on a sidewalk next to a 7-Eleven located at the corner of Golden Lantern and Crown Valley Pkwy speaking with his friend when he observed a sheriff's patrol vehicle drive slowly through the parking lot with its lights off. It moved through the parking lot and parked next to plaintiff's car, which was parked in the 7-Eleven parking lot.

7. Deputy Sheriff Kirsten Winterscheid exited the patrol vehicle and approached plaintiff and his friend (Raymond Mahdian) and asked if they had any identification.

8. Plaintiff told the deputy that neither he nor his friend consented to speak with her.

COMPLAINT               -2-

9. Winterscheid became visibly upset and without explanation, ordered plaintiff's friend to sit on the curb and then commanded plaintiff to put his hands behind his back and interlock his fingers.

10. Plaintiff complied and submitted to this show of authority because he was scared.

11. By this time, another sheriff patrol vehicle had arrived and two additional deputies exited the vehicle.

12. Winterscheid performed a pat-down search of plaintiff without his consent while the other deputies looked on.

13. Winterscheid removed plaintiff's wallet, handed it to one of the other deputy's, then, while holding on to plaintiff's arm, marched him toward her patrol vehicle, opened the rear door and ordered him to sit down and take off his shoes and socks.

14. Upon doing so she ordered plaintiff to hand her his shoes and socks for inspection.

15. When she finished inspecting them she dropped them to the ground and told plaintiff to pick them up and put them back on inside the patrol car.

16. She then shut the vehicle's door and walked back to plaintiff's friend where, after a few minutes of conversation, began a pat down.

17. She then grabbed him by the arm and placed him in the other patrol car.

18. Without a warrant and without consent, Winterscheid then opened plaintiff's car door and entered and began searching it.

COMPLAINT                                    -3-

19. The search took approx. 30 minutes.

20. Nothing was found.

21. After the search she released plaintiff's friend, and then walked back to plaintiff and stated that she was going to impound his car with a 30 day hold on it because he had driven it on a suspended license and would also receive a notice to appear for the same.

22. Plaintiff told the deputy that he'd accept the notice to appear, but that the car should not be impounded because it was parked safely and securely in a parking lot and there was a licensed driver available (Raymond Mahdian) who was willing to take it home.

23. Winterscheid said that wasn't going to happen and that she had to impound it by law.

24. Plaintiff informed Winterscheid that the impound was at her discretion because state law only provides discretionary authority to impound, not mandatory.

25. Plaintiff also informed Winterscheid that the tow may be unreasonable under the circumstances.

26. Winterscheid then stated that "maybe this will teach you [Deligiannis] to cooperate in the future."

27. Plaintiff again informed Winterscheid that his car was in a well lit parking lot and was not obstructing anyone and that his friend had a driver license and that he would take it to his home.

COMPLAINT                                    -4-

28. She again refused reiterating that plaintiff needed to learn a lesson.

29. She issued notice to appear no. SH663907, citing only Vehicle Code section 14601.1(a), at which point plaintiff was released from custody. (Exhibit 1 at 41-43.)[1]

## II. Procedural History

### 1. The Criminal Side

30. The criminal charge was dismissed by the People on January 16, 2009. (Exhibit 1 at 192-195.)

### 2. The Administrative Side[2]

31. Plaintiff requested a post seizure hearing in writing before an administrative sergeant to challenge the impoundment of his car. Plaintiff went to the Sheriff's Department in Laguna Niguel and submitted his written request along with a statement of facts and points and authorities. (Exhibit 1 at 31, 102.)

32. Plaintiff challenged the impoundment on the grounds that: (1) his arrest was unlawful because the arresting deputy did not observe a public offense committed in her presence; and: (2) even if the initial arrest wasn't unlawful, the subsequent impoundment was unreasonable because no community caretaking function was served by its removal. (Exhibit 1 at 19, 31-40.)

33. Although plaintiff challenged the initial impound, the agency did not determine the legality or reasonableness of the impound itself, but only decided if the vehicle was eligible for early release.

34. On September 17, 2008, petitioner went to the towing yard located at 12 McLaren St,

---

[1] To support his procedural history allegations, plaintiff has attached, as an exhibit, a copy of the clerk's transcript of the proceedings held in state court.

[2] The administrative side was an administrative proceeding regarding only the storage of the car.

COMPLAINT                              -5-

1    Irvine, and retrieved his car after paying "impound fees" of $103, "storage fees" of

2    $891, a "city fee" of $152, a "DTS" fee of $7.50, and a "short lien" fee of $70.  The

3    total fees paid were $1,223.50.  (Exhibit 1 at 53-54.)

4

5    35.  Plaintiff filed a petition for writ of administrative mandamus seeking judicial review

6        of the post storage hearing.  The superior court found that "the [post storage] hearing

7        is really one of whether the continued storage of the vehicle was proper, not one of

8        whether the impoundment was proper."  (Exhibit 1 at 160; Exhibit 2 at 11-12.)[3]

9

10   36.  Plaintiff filed a timely notice of appeal from the judgment denying his writ and

11       contended that the court's decision was based on an erroneous interpretation of the

12       statute.

13

14   37.  In an unpublished opinion (*Deligiannis v. Contreras* (May 18, 2010, G042039)

15       [nonpub. opn.]), the Court of Appeal affirmed the denial of plaintiff's petition on the

16       basis that plaintiff never presented mitigating circumstances to justify early release of

17       his vehicle.

18

19   38.  Although the Court of Appeal did not address the specific question presented, it

20       affirmed the trial court's decision that an owner of a vehicle impounded under section

21       14602.6 cannot challenge the impound itself, but can only challenge the continued

22       retention or storage of the vehicle by presenting mitigating circumstances.

23

24   39.  Because the criminal case was dismissed, and because the post storage hearing (in

25       plaintiff's case) was not a hearing to challenge the impound, the validity of the initial

26       seizure was never determined.

27   _____

28   [3] Notwithstanding the denial, the court directed defendants to reimburse plaintiff the costs he
     incurred for the towing and storage of his car due to the criminal matter having been dismissed.
     (Exhibit 1 at 160.) Defendants have not done so.

     COMPLAINT                        -6-

CAUSES OF ACTION

**COUNT I: THE DETENTION - FOURTH AMENDMENT & ARTICLE I, SECTION 13 OF THE CALIFORNIA CONSTITUTION[4]**

**A.      Was Plaintiff Detained?**

40.   Plaintiff restates the foregoing paragraphs 1-41.

41.   "'[A] person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" (*Wilson v. Superior Court* (1983) 34 C3d 777, 790, fn. omitted, quoting from *United States v. Mendenhall* (1980) 446 U.S. 544, 554.)

42.   The detention occurred in this case, at the latest, at the time defendant ordered plaintiff's friend to sit on the curb and instructed plaintiff to put his hands behind his back and interlock his fingers.  This act constituted a detention because no reasonable person would have felt free to leave in such a circumstance.

**B.      Was the Detention Reasonable?**

43.   "[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." (*U.S. v. Sokolow* (1989) 490 U.S. 1, 7, quoting *Terry v. Ohio* (1968) 392 U.S. 1, 30.)  Under *Terry*, the officer must "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."

44.   Defendant did not have reasonable suspicion to detain plaintiff because there was nothing unusual about plaintiff and his friend conversing on the sidewalk at 10 p.m.

---

[4] Hereinafter, unless otherwise specified, the term "Fourth Amendment" refers to both our state and federal guarantees against unreasonable searches and seizures.

COMPLAINT                                        -7-

1    at night.  There was no suspected criminal activity because plaintiff and his friend

2    were at liberty to disregard defendant's request for information.

3

4    45.  Plaintiff was damaged as a direct and proximate result of the detention.

5

6    46.  Plaintiff seeks to recover money damages on this claim against Winterscheid.

7    **COUNT II: THE PAT-DOWN SEARCH - FOURTH AMENDMENT**

8    47.  Plaintiff restates the foregoing paragraphs 1-41.

9

10   48.  Under the Fourth Amendment, a pat-down search is permissible "for the protection

11   of the police officer, where he has reason to believe that he is dealing with an armed

12   and dangerous individual." *Terry*, 392 U.S. at 27; see also *Ybarra v. Illinois*, 444

13   U.S. 85, 93-94 (1979) ("The 'narrow scope' of the *Terry* exception does not permit a

14   frisk for weapons on less than reasonable belief or suspicion directed at the person to

15   be frisked ...."). "Nothing in *Terry* can be understood to allow a generalized 'cursory

16   search for weapons' or indeed, any search whatever for anything but weapons."

17   *Ybarra*, 444 U.S. at 93-94.

18

19   49.  Defendant patted down plaintiff, which included reaching into his pockets.

20

21   50.  Defendant did not have reason to believe plaintiff was armed and dangerous

22   because plaintiff did not make any abrupt movements or attempt to reach for

23   anything upon defendant's approach.  Plaintiff was cooperative and complied with

24   defendant's demand that he put his hands behind his back and interlock his fingers,

25   and he did so in a non-furtive manner.  Plaintiff also cooperatively submitted to the

26   search of his person, albeit without his consent.

27

28   51.  Plaintiff was damaged as a direct and proximate result of the pat-down search.

COMPLAINT                    -8-

52. Plaintiff seeks to recover money damages on this claim against Winterscheid.

## COUNT III: THE ARREST - FOURTH AMENDMENT

53. Plaintiff restates the foregoing paragraphs 1-41.

54. "A seizure becomes an arrest when 'a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.'" *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir. 1999)). See *United States v. Wyatt*, 179 F.3d 532, 535 (7th Cir. 1999) (stating that the test for whether an individual is in custody is how a reasonable man in the suspect's position would have understood his situation.) Moreover, under California law, issuance of a notice to appear is one form of arrest. *People v. Superior Court* (*Simon*), 7 C3d 186, 200 (1972).

55. Defendant Winterscheid converted the detention into an arrest when she searched plaintiff because her conduct in reaching into plaintiff's pockets, removing his wallet, searching his shoes and socks, and placing him in the back of her patrol car for over 30 minutes exceeded the permissible scope of a *Terry* stop and frisk. Any person in plaintiff's position would have understood himself to be restrained to the degree the law associates with a formal arrest.

56. A warrantless arrest is reasonable if it is supported by probable cause. Probable cause exists when the facts known to the arresting officer would persuade someone of "reasonable caution" that the person to be arrested has committed a crime. (*People v. Celis* (2004) 33 C4th 667, 673; *Dunaway v. New York* (1979) 442 U.S. 200, 208, fn. 9.)

57. Defendant did not have a warrant to arrest plaintiff.

COMPLAINT                                    -9-

58. Defendant did not have probable cause to arrest plaintiff at the time he was searched and placed in the back of the patrol car because standing on a sidewalk at 10 p.m. at night is not a crime or public offense.  Nor is refusing to speak to a peace officer.

59. Plaintiff was damaged as a direct and proximate result of the arrest.

60. Plaintiff seeks to recover money damages on this claim against Winterscheid.

**COUNT IV: THE IMPOUND - FOURTH AMENDMENT**

61. Plaintiff restates the foregoing paragraphs 1-41.

62. A "seizure" under the Fourth Amendment occurs "where there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County Ill.*, 506 U.S. 56, 63 (1992).

63. Defendant Winterscheid seized and impounded plaintiff's car.

64. The Fourth Amendment requires any seizure by the government, including the impoundment of a vehicle, to be reasonable under any circumstances. *United States v. Duguay,* 93 F.3d 346, 351 (7th Cir. 1996).  An impoundment by the police is reasonable if it is supported by probable cause, or if it is in furtherance of "public safety" or "community caretaking functions," such as removing "disabled or damaged vehicles," and "automobiles which violate parking ordinances, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic." *Id.*  (citing *South Dakota v. Opperman*, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976)).  "An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." *Miranda v. City of Cornelius,* 429 F.3d 858, 865 (9th Cir. 2005).

COMPLAINT                    -10-

65. Defendant did not have a warrant to impound plaintiff's car.

66. Defendant did not have probable cause to impound plaintiff's car because the license suspension information that was the basis for the impoundment was unlawful as the product of an unconstitutional search and seizure. *Wong Sun v. United States*, 371 U.S. 471, 487-88, 9 L. Ed. 2d 441, 455, 83 S. Ct. 407, 417 (1963). The information regarding plaintiff's license status would never have been found but for the unlawful detention and search.

67. But even if there was a sufficient basis for an arrest or *Terry* stop and frisk, the impound was unreasonable under the circumstances because no community caretaking function was served by its removal.

68. Impoundment of plaintiff's car under the facts of this case constitutes an unreasonable seizure in violation of the Fourth Amendment because the car was impounded despite the fact that plaintiff was the owner, was not taken into custody or removed from the scene, his friend had and presented proof of a valid driver's license, and the car was parked safely in the 7-Eleven parking lot. Under those circumstances, there was no community caretaking interest served by impoundment. See *Miranda*, 429 F.3d at 866 ("An officer cannot reasonably order an impoundment in situations where the location of the vehicle does not create any need for the police to protect the vehicle or to avoid a hazard to the drivers."). Therefore, the impoundment of plaintiff's car was unreasonable and violated the Fourth Amendment.

69. Plaintiff was damaged as a direct and proximate result of the impound.

70. Plaintiff seeks to recover money damages on this claim against Winterscheid.

COMPLAINT                    -11-

**COUNT V: RETALIATION - FIRST AMENDMENT & ARTICLE I, SECTION 2(a) OF THE CALIFORNIA CONSTITUTION**

71. Plaintiff restates the foregoing paragraphs 1-41.

72. To state a claim alleging retaliation for exercising a constitutional right, a plaintiff must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) that the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

73. When defendant approached plaintiff and asked for identification, plaintiff responded that neither he nor his friend consented to speak with her. Defendant immediately ordered plaintiff's friend to sit on the curb and commanded plaintiff to put his hands behind his back and interlock his fingers. Towards the end of the encounter, defendant stated that plaintiff needed to learn a lesson and that maybe the impound will teach plaintiff to cooperate in the future. Therefore, defendant detained and impounded plaintiff's car for his refusal to speak or cooperate with defendant.

74. Plaintiff seeks to recover money damages on this claim against Winterscheid.

**COUNT VI: POST STORAGE HEARING - FOURTEENTH AMENDMENT - UNCONSTITUTIONAL AS APPLIED - PROCEDURAL DUE PROCESS**

75. Plaintiff restates the foregoing paragraphs 1-41.

76. Due process requires a reasonably prompt hearing to test the probable merit of the government's case. (*Krimstock v. Kelly* (2d Cir. 2002) 306 F.3d 40, 69-70, cert. den. (2003) 539 U.S. 969 [156 L.Ed.2d 675]; *Tyler v. County of Alameda* (1995) 34 CA4th 777, 784.) As the court stated in *Stypmann v. City and County of San*

COMPLAINT                                     -12-

*Francisco* (9th Cir. 1977) 557 F.2d 1338, 1344):   "Seizure of property without prior hearing has been sustained only where the owner is afforded [a] prompt post-seizure hearing at which the person seizing the property must at least make a showing of probable cause."

77. At the post storage hearing, Defendant County denied plaintiff the right to challenge the impound.  The post storage hearing was therefore unconstitutional as applied to plaintiff because plaintiff was denied the right to challenge the taking.

78. Plaintiff seeks to recover money damages on this claim against the County.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

79. Award plaintiff damages, punitive damages, costs, and attorney fees, and whatever other relief is provided by a jury and the court.

80. Plaintiff be granted such other and further relief as may be appropriate and just.

Respectfully submitted.

Date: 8-16-10

Theo Deligiannis, In Pro Per

COMPLAINT                    -13-

**VERIFICATION**

1

2   I am the plaintiff in this action.  All facts alleged in the above complaint, not otherwise

3   supported by citations to the record, exhibits or other documents, are true of my own

4   personal knowledge.

5

6   I declare under penalty of perjury that the foregoing is true and correct and that this

7   verification was executed at Anaheim, California.

8

9   Date:  _8-16-10_

10                                                  Theo Deligiannis, In Pro Per

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          -14-

1

## TABLE OF EXHIBITS

2

3

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | CLERK'S TRANSCRIPT ON APPEAL IN STATE COURT |
| 2 | REPORTER'S TRANSCRIPT ON APPEAL IN STATE COURT |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                              -15-

<span style="color:blue">UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA</span>
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑) | **DEFENDANTS** |
|---|---|
| THEO DELIGIANNIS | DEPUTY KIRSTEN WINTERSCHEID, COUNTY OF ORANGE |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| PO BOX 17161 ANAHEIM CA 92817 714-803-7430 / tldeligiannis@gmail.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ compensatory &punitive damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC § 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture ☐ 620 Other Food & Drug | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck ☐ 650 Airline Regs | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | ☑ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:** Case Number: _SACV10-1243 DOC JC_

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   **Date** _____

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
THEO DELIGIANNIS
PO BOX 17161
ANAHEIM CA 92817
714-803-7430

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| THEO DELIGIANNIS | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV10- 01243 DOC (JC) |
| v. | |
| DEPUTY KIRSTEN WINTERSCHEID, in her individual capacity, COUNTY OF ORANGE | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, THEO DELIGIANNIS, PRO SE      , whose address is
PO BOX 17161, ANAHEIM CA 92817                                      . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: AUG 2 0 2010                ROLLS ROYCE PASCHAL

By: _____
              Deputy Clerk

                            *(Seal of the Court)*

                            1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*