UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THEO DELIGIANNIS,  ) Case No. SACV 10-1243 DOC (JC)
        Plaintiff,  )
        v.  ) ORDER ADOPTING FINDINGS,
         ) CONCLUSIONS, AND
DEPUTY KIRSTEN  ) RECOMMENDATIONS OF UNITED
WINTERSCHEID, et al.  ) STATES MAGISTRATE JUDGE
        Defendant(s).  )

**I.  SUMMARY**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint ("Complaint") with attached exhibits, the Motion to Dismiss Plaintiff's Complaint ("Defendants' Motion") filed by defendants Deputy Sheriff Kirsten Winterscheid ("Winterscheid") and the County of Orange (the "County") (collectively "defendants"), defendants' Declaration of Scott A. Martin with attached exhibits, and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and defendants' objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and

adopts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections for the reasons discussed below.

## II. DISCUSSION

### A. Plaintiff's Procedural Due Process Claim Against the County (Claim 6)

The County contends that the Rooker-Feldman Doctrine[1] bars plaintiff's procedural due process claim in Claim 6, in short, because plaintiff had a full and fair opportunity in state court to challenge the constitutionality, in the first instance, of the County's impoundment of his car. (Objections at 2-6). More specifically, the County argues that Claim 6 constitutes a forbidden de facto appeal under Rooker-Feldman because (1) California Vehicle Code sections 14602.6 and 22852 (respectively, the statutes pursuant to which plaintiff's car was impounded and the post-storage hearing was held) have been found constitutional by a California Court of Appeal; (2) plaintiff asserted at the August 19, 2008 post-storage hearing ("post-storage hearing"), and in briefing to the Orange County Superior Court ("OCSC") and the California Court of Appeal ("CCA") that there was no probable cause to impound plaintiff's car; and (3) although California case law obligated plaintiff to demonstrate at the post-storage hearing that defendants lacked probable cause to impound his car, plaintiff failed to do so in any forum. (Objections at 2-3) (citations omitted).

Under the Rooker-Feldman Doctrine, a federal district courts lack subject matter jurisdiction over a claim that <u>both</u> (1) alleges that legal error in a state court's judgment caused plaintiff injury, <u>and</u> (2) seeks "relief from the state court

---

[1] Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to review final state court judgments. Henrichs v. Valley View Development, 474 F.3d 609, 613 (9th Cir.) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283-84 (2005)), cert. denied, 552 U.S. 1037 (2007).

2

judgment" to remedy the alleged injury. See Skinner v. Switzer, — U.S. — , — 131 S. Ct. 1289, 1297 (2011) (citations omitted) ("Emphasizing 'the narrow ground' occupied by the doctrine, . . ., we [have] clarified . . . that Rooker-Feldman 'is confined to . . . cases brought by state-court losers . . . inviting district court review and rejection of [the state court's] judgments.'") (internal citations omitted; emphasis added) (citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) ("Rooker-Feldman . . . applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.") (emphasis in original); Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court.").

In the instant case, plaintiff does neither. First, as the Magistrate Judge correctly determined, plaintiff does not seek review of the hearing officer's ruling at the post-storage hearing – which the OCSC and CCA affirmed – that plaintiff was not entitled to early release of his impounded car. (Report and Recommendation at 24). Instead, plaintiff asserts an independent claim that the County violated due process because plaintiff was effectively denied any opportunity to challenge the constitutionality of the impoundment in the first instance. (Complaint at 13; Plaintiff's Opposition to Defendants' Motion to Dismiss at 5). Such a claim is cognizable under Section 1983. See, e.g., Scofield v. City of Hillsborough, 862 F.2d 759, 765 (9th Cir. 1988) (failure to grant request for timely "hearing to contest the propriety of [towing of Section 1983 plaintiff's car]" would violate due process and entitle plaintiff to "at least [] nominal damages" even if, as the district court found, evidence presented at a "post-towing hearing" – had one been held – would not have been sufficient to relieve plaintiff

3

of the obligation to pay the towing charges); see also Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (fundamental requirement of due process is opportunity to be heard "at a meaningful time and in a meaningful manner") (citation and internal quotation marks omitted); Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1344 (9th Cir. 1977) ("Seizure of property without prior hearing has been sustained only where the owner is afforded prompt post-seizure hearing at which the person seizing the property must at least make a showing of probable cause."); Price v. City of Seattle, 2005 WL 1838606, at *3 (W.D. Wash. Aug 1, 2005) (In context of vehicle impoundments, due process requires government to demonstrate at post-impound hearing that "there was probable cause to support the underlying violation which gave rise to the impound."). Second, plaintiff seeks damages for defendants' alleged due process violation, not any failure to order the release of plaintiff's car prior to the expiration of the statutory 30-day impoundment period (Cal. Veh. Code § 14602.6(a)(1)). (Complaint at 13).

Contrary to the County's suggestion, the very narrow dictates of Rooker-Feldman do not bar the Court from exercising federal subject-matter jurisdiction here simply because plaintiff may have (or should have) attempted to litigate the same legal issues in state court but failed to obtain relief. See Skinner, 131 S. Ct. at 1297 (Rooker-Feldman does not bar independent federal claim which asserts "same or a related question [that] was earlier aired between the parties in state court.") (citations and internal quotation marks omitted); Henrichs v. Valley View Development, 474 F.3d 609, 613 (9th Cir.) ("[Rooker-Feldman] applies when the federal plaintiff's claim arises from the state court judgment, not simply when a party fails to obtain relief in state court."), cert. denied, 552 U.S. 1037 (2007). Such a concern is better addressed under principles of issue and/or claim preclusion. See Exxon Mobil Corp., 544 U.S. at 293 ("If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is

4

jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'") (quoting GASH Associates v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993); citing Noel, 341 F.3d at 1163-64); Noel, 341 F.3d at 1165 ("Preclusion [not Rooker-Feldman] applies when a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify.") (citation and internal quotation marks omitted).

### B. Standards Governing Rule 12(b)(6) Motions

Contrary to defendants' suggestion, the Report and Recommendation properly stated and applied the standards for reviewing *pro se* civil rights complaints in light of Ashcroft v. Iqbal ("Iqbal"), — U.S. —, 129 S.Ct. 1937 (2009). The Ninth Circuit has made clear that, especially in civil rights cases, "*pro se* complaints should continue to be liberally construed after Iqbal." Hebbe v. Pliler, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

### C. Plaintiff's Claim for Attorney's Fees

Defendants cite no authority which persuades the Court that Defendants' Motion should not be denied, without prejudice, to the extent it seeks dismissal of plaintiff's claim for attorneys' fees.

## III. ORDERS

IT IS THEREFORE ORDERED that: (1) Defendants Objections to the Report and Recommendation are overruled; (2) Defendants' Motion is granted to the extent it seeks dismissal without leave to amend of Claims 1 through 5 as against the County; (3) Defendants' Motion is granted to the extent it seeks dismissal without leave to amend of Claim 6 as against Defendant Winterscheid only; (4) Defendants' Motion is otherwise denied; and (5) defendants are directed to file an Answer to the portions of the Complaint which remain pending against them within fourteen days of the entry of this Order.

///

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order

and the Report and Recommendation on Plaintiff and on Defendants' counsel.

IT IS SO ORDERED.

DATED: June 20, 2011

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE